IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


MUTUAL BENEFIT INSURANCE COMPANY,   :
                            Plaintiff   :
                                    :
        v.                          :          1:CV-08-2045
                                    :          (JUDGE VANASKIE)
SHAWMUT WOODWORKING & SUPPLY, INC. :
D/B/A SHAWMUT DESIGN &              :
CONSTRUCTION, THE CHEESECAKE        :
FACTORY RESTAURANTS, INC., AND      :
PYRAMID WALDEN COMPANY, LP,         :
                            Defendants   :


MEMORANDUM

Plaintiff Mutual Benefit Insurance Co. ("Mutual Benefit") seeks a determination

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, of its duties, obligations,

rights, and responsibilities under certain insurance policies.  (Compl., Dkt. Entry 1, ¶ 8.)

Defendants Shawmut Woodworking & Supply, Inc. d/b/a Shawmut Design & Construction

("Shawmut") and The Cheesecake Factory Restaurants, Inc. ("Cheesecake Factory") have

moved to dismiss the action, arguing that this Court should decline to exercise its

discretionary jurisdiction in this declaratory judgment suit.  (Defs.' Br. in Supp. of Mot. to

Dismiss Pl.'s Compl., Dkt. Entry 22, at 7.)  For the reasons stated below, the Court will grant

Defendants' motion.

I. BACKGROUND

On October 25, 2006, Michael Riggle ("Riggle"), an employee of Pittsburgh Interior

Systems, Inc. ("Pittsburgh"), was injured while working at a Cheesecake Factory restaurant construction project in Buffalo, New York (the "Project"). (Compl., Dkt. Entry 1, ¶ 13.) Pittsburgh is not a party to the present action. (See id.)

Defendant Pyramid Walden Company, LP ("Pyramid") owns property near Buffalo, New York, upon which there is a shopping center called the Walden Galleria. (Br. in Supp. of Mot. to Dismiss, Dkt. Entry 22, at 9.) Defendant Cheesecake Factory entered into a lease with Pyramid to construct a restaurant at the Walden Galleria. (Id.) Cheesecake Factory also entered into a contract with Defendant Shawmut, the general contractor for the Project. (Id. at 10.) Pittsburgh had been hired by Shawmut to perform drywall and framing for the Project. (Compl., Dkt. Entry 1, ¶ 14.)

Mutual Benefit, an insurance company incorporated under the laws of Pennsylvania, issued an insurance policy under number CP 00917386 ("CP Policy") to Pittsburgh, effective June 8, 2006 to June 6, 2007. (Id. ¶ 15.) Mutual Benefit also issued Pittsburgh a commercial umbrella policy ("CU Policy"), CU 00917386, effective June 8, 2006, to June 9, 2007. (Id. ¶ 16.)

On September 14, 2007, Riggle filed an action in New York state court against Shawmut, Pyramid, and Cheesecake Factory, alleging negligence. (Aff., Dkt. Entry 40, Ex. A, at 15.) Mutual Benefit is not a party to the suit. (See id.) Shawmut filed a third-party complaint against Pittsburgh, in which Shawmut alleges that Pittsburgh is required to defend

and indemnify Shawmut, Cheesecake Factory, and Pyramid.  (Id. at 6.)

The written agreement between Shawmut (referred to in the agreement as the "Contractor") and Pittsburgh (referred to therein as the "Subcontractor") contained an indemnity provision that read, "Subcontractor agrees to defend, indemnify and hold harmless Owner, the Architect/Engineer, Contractor, and anyone else required . . . ."  (Id. at 4.)  In addition, the contract required Pittsburgh to "obtain and maintain insurance from a responsible insurer satisfactory to [Shawmut]."  (Id. at 5.)

Pittsburgh also had a contract with Cheesecake Factory, which provided:

> 4. The following entities shall be included as Additional Insured . . . for General Liability (including Completed Operations), Auto, and Umbrella:
> - ▸ Shawmut Design and Construction (General Contractor)
> - ▸ The Cheesecake Factory Buffalo-Cheekotwaga
> - ▸ Walden Theatery, L.P. C/O The Pyramid Companies
> - ▸ 4 Clinton Square, Syracuse, NY 13202
>
> 5. Indemnification: Your general liability policy should include contractual liability coverage to support your contractual indemnification agreement.  Your Contractual Liability cannot contain any additional limitation provisions.

 (Compl., Dkt. Entry 1, Ex. B, at 4.)

Shawmut asserts that because Mutual Benefit has refused to provide coverage to Shawmut, Pittsburgh is in breach of its contractual obligation to name Shawmut as an additional insured on its liability insurance policy.  (Id. at 6.)  In its answer to Shawmut's

3

third-party complaint, Pittsburgh admits that it had contractually agreed to defend and indemnify Shawmut. (Aff., Dkt. Entry 40, Ex. B, at 2.) Pittsburgh denies, however, that it breached its contractual obligation to name Shawmut as an additional insured on its liability insurance policy. (Id.) Thus, the extent of coverage provided by the Mutual Benefit policy is at issue in the New York state court action.

Mutual Benefit's insurance policy contains a bodily injury exclusion, which states that the insurance does not apply to "bodily injury" to:

> (1) An "employee" of the insured arising out of and in the course of:
> (a) Employment by the insured; or
> (b) Performing duties related to the conduct of the insured's business . . . .

(Compl., Dkt. Entry 1, Ex. C, at 8.) In addition, the policy contains an endorsement entitled "ADDITIONAL INSURED - OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU." (Id. at 22.) The endorsement provides:

> A. Section II - Who Is An Insured is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy . . . .

(Id.)

## II. LEGAL STANDARD

Subject matter jurisdiction in this Court is predicated upon diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332(a). The Declaratory Judgment Act provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). The Court has described the permissive language of this Act as "conferring on federal courts unique and substantial discretion." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). That is, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Id. at 282 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491 (1942)).

## III. DISCUSSION

Shawmut and Cheesecake Factory argue that the Court should decline jurisdiction because Riggle has already filed a state court action in New York. (Br. in Supp. of Mot. to Dismiss, Dkt. Entry 22, at 17.) Mutual Benefit counters that jurisdiction should be exercised because the New York action shares no common legal or factual issues with the present action. (Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss, Dkt. Entry 26, at 6.)

As a general proposition, a district court should not exercise its discretionary jurisdiction in a declaratory judgment action when the issues can be resolved in state court

proceedings.  See Brillhart, 316 U.S. at 495; Summy, 234 F.3d at 133.  As explained in

Brillhart, 316 U.S. at 495:

> Ordinarily it would be uneconomical as well as vexatious for a federal
> court to proceed in a declaratory judgment suit where another suit is
> pending in a state court presenting the same issues, not governed by
> federal law, between the same parties.  Gratuitous interference with
> the orderly and comprehensive disposition of a state court litigation
> should be avoided.

In State Auto Ins. Co. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000), our Court of Appeals set

out three factors that district courts are to consider when determining whether to hear

declaratory judgment actions that involve insurance coverage issues:

> 1. A general policy of restraint when the same issues are pending in a
> state court;
> 2. An inherent conflict of interest between an insurer's duty to defend
> in a state court and its attempt to characterize that suit in federal court
> as falling within the scope of a policy exclusion; and
> 3. Avoidance of duplicative litigation.

Id.

     A. The Underlying Action

     To determine whether the issues in controversy can be resolved in the state court

proceeding, this Court must examine the scope of the underlying state court proceeding.

Mutual Benefit asserts that this case is similar to TIG Ins. Co. v. Tyco Int'l, Ltd., No. 3:08-

CV-1584, 2009 WL 151597 (M.D. Pa. Jan. 21, 2009), in which an esteemed member of this

Court exercised discretion to entertain an insurance coverage declaratory judgment suit.

6

(Br. in Opp'n to Mot. to Dismiss, Dkt. Entry 26, at 5-6.)  In TIG, Brooklyn Hospital Center

("BHC"), a defendant, had housed its medical records in a warehouse owned by Diversified

Records & Services, Inc. ("Diversified").  2009 WL 15197, at *1.  The records were

destroyed when a fire overwhelmed the warehouse's sprinkler system.  Id.  Grinnell

Corporation ("Grinnell"), another defendant, had installed the sprinkler system.  Id.  Grinnell

was insured under a policy that TIG, the plaintiff, issued to defendant Tyco International,

Ltd. ("Tyco").  Id.  In the underlying state court action, BHC sued Diversified, and Diversified

joined Grinnell.  Id.  The only question at issue was BHC's damages.  Id.  In the district

court action, TIG sought a declaration that a policy exclusion relieved it of any obligation to

provide coverage to the defendants with respect to the underlying action.  Id.  The district

court decided to exercise its jurisdiction, emphasizing that TIG was not a party to the

underlying action, there were no overlapping legal issues between the two cases, and the

factual inquiry that was relevant to each case was very different.  Id. at *4.

Mutual Benefit argues that the rationale of TIG is controlling because, like TIG, it is

not a party to the underlying state court action.  (Br. in Opp'n to Mot. to Dismiss, Dkt. Entry

26, at 6.)  This factor, however, is not dispositive.  Courts have found that parallel cases can

exist even when the parties involved in the state court and district court proceedings are not

identical.  See Trent v. Dial Medical, 33 F.3d 217, 224 (3d Cir. 1994); Great Am. Ins. Co. v.

Stephens, No. 04-CV-3642, 2005 WL 452349, at *7 (E.D. Pa. Feb. 25, 2005); Driscoll/Hunt

v. St. Paul Fire & Marine Ins. Co., No. 05-CV-6249, 2006 WL 1648984, at *4 (E.D. Pa. June

13, 2006).  In Trent, the Third Circuit determined that the district court correctly concluded

that two cases were parallel because the allegations and issues in each were "substantially

identical" and because the defendants in each were "essentially identical." 33 F.3d at 224.

Although the parties involved in the federal and state actions were not identical, the court in

Stephens held that the actions were parallel because the claims arose from the same facts.

2005 WL 452349, at *7.  Similarly, the court in Driscoll/Hunt explained that the Third Circuit

has "never required complete identity of the parties." 2006 WL 1648984, at *4 (citing IFC

Interconsult v. Safeguard International Partners, LLC, 438 F.3d 298, 306 (3d Cir. 2006),

Ryan v. Johnson, 115 F.3d 193, 196 (3d Cir. 1997), and Flint v. A.P. DeSanno & Sons, 234

F. Supp. 2d 506, 510 (E.D. Pa. 2002)).  The court emphasized that "the critical question is

not whether the parties are identical but rather whether the factual questions in the two

cases overlap." Id. (citing Chang v. Maxwell, 102 F. Supp. 2d 316, 318 n.4 (D. Md. 2000)).

Indeed, courts have declined to exercise jurisdiction when confronted with similar

factual circumstances.  See Brethren Mutual Insurance Co. v. Hoffman, No. 3:07-CV-1817,

at *1 (M.D. Pa. Aug. 20, 2008); Hartford v. Keystone Automotive Operations, No. 3:06-CV-

465, 2007 WL 257915, at *3 (M.D. Pa. Jan. 29, 2007); Allstate Ins. Co v. Seelye, 198 F.

Supp. 2d 629 (W.D. Pa. 2000)).  In Hoffman, Brethren Mutual Insurance Co. ("Brethren")

sought a declaratory judgment that its insureds, Paula and Keith Hoffman, were not entitled

to stack underinsured motorist coverage limits to compensate for injuries sustained in a motor vehicle accident. No. 3:07-CV-1817, at *1-2. This Court rejected Brethren's argument that there must be a parallel state court proceeding in order to justify declination of jurisdiction. Id. at *4. Similarly, the court in Hartford held that the lack of a parallel state court proceeding "does not mean that we should exercise our discretion to hear this case." 2007 WL 257915, at *3. The court in Seelye concluded that "the existence of a parallel state court proceeding is not a necessary predicate for a district court to decline jurisdiction in a declaratory judgment action." 198 F. Supp. 2d at 630. Accordingly, this Court may decline to exercise jurisdiction even if the same parties are not involved in the New York state action.

Mutual Benefit argues that jurisdiction should be exercised here because there are no overlapping legal issues between the present action and the New York state court proceeding. (Reply to Aff., Dkt. Entry 42, at 4-5.) In TIG, the only question in the underlying state court action concerned damages, while the federal court action concerned issues of insurance policy interpretation. Unlike TIG, the present action and the pending action in New York present overlapping legal issues.

To determine whether Pittsburgh breached its contractual obligation to name Shawmut as an additional insured on its liability insurance policy, the New York state court will analyze whether the insurance that Pittsburgh procured from Mutual Benefit satisfied its

9

contractual obligations.  In addition, the New York state court will decide whether

Pittsburgh's insurance provided additional protection for Shawmut and whether the

"bodily injury exclusion" applies.  Similarly, this Court will have to determine whether the

"bodily injury exclusion" applies.  Mutual Benefit argues that there are no overlapping legal

issues because the bodily injury exclusion applies only to Pittsburgh and will be resolved in

the underlying action.  (Pl.'s Reply Br., Dkt. Entry 42, at 4.)  In declaring the rights and

obligations of all parties in the present action, however, this Court would have to determine

whether the exclusion is applicable to the claims made by Defendants Shawmut,

Cheesecake Factory, and Pyramid for coverage under the Mutual Benefit policy.  Although

Pittsburgh is not a party to this present action, this Court would have to examine the

insurance policy between Pittsburgh and Mutual Benefit, as well as the contract between

Pittsburgh and Shawmut, to determine whether Defendants qualify as additional insureds.

The contract between Pittsburgh and Shawmut is already at issue in the New York state

court proceeding because Shawmut raised the issue in its third-party complaint against

Pittsburgh.

Furthermore, contrary to Mutual Benefit's argument and unlike TIG, there are

overlapping factual issues between the present action and the New York state court

proceeding.  (Reply to Aff., Dkt. Entry 42, at 4-5.)  In its answer to Riggle's underlying

complaint, Shawmut asserts Riggle's contributory negligence as an affirmative defense.

(Aff., Dkt. Entry 40, Ex. A, at 23.) The state court in New York will have to determine whether Riggle's injury was a result of work that he had furnished on Pittsburgh's behalf. Similarly, this Court will have to determine whether Riggle's injuries occurred during performance of Pittsburgh's operations. If Riggle's injuries did occur in furtherance of Pittsburgh's operations, then this Court may have to interpret and apply the "bodily injury exclusion."

The present action is more like Web.com, Inc. v. Federal Insurance Co., No. 2:06-CV-1032, 2007 WL 4377609 (W.D. Pa. Dec. 11, 2007), cited by Defendants Shawmut and Cheesecake Factory, than TIG. Web.com sought a declaration that it was an additional insured under policies that had been issued to Rapp Collins, Worldwide, LP ("Rapp Collins"), because Rapp Collins was contractually bound to provide coverage for its clients. Id. at *1. In the underlying state court action, Web.com and Rapp Collins had been named as defendants. Id. The plaintiffs in the underlying action alleged that Web.com and Rapp Collins violated the Telephone Consumer Protection Act by sending unsolicited facsimile advertisements to the plaintiffs. Id. In the federal court action, Web.com asserted that it was an additional insured under Rapp Collins' insurance policies because the contract between Web.com and Rapp Collins required Rapp Collins to indemnify Web.com. Id. The court explained that the same factual issues as to the proper construction of the terms and conditions of coverage would be resolved in the state court action. Id. at *2. Revisiting

11

those same issues would result in piecemeal and duplicative litigation.  Id.  Similarly, several

of the factual and legal questions that are at issue in this case, which are described above,

are already at issue in the New York state action.  By declining to exercise its jurisdiction,

this Court will avoid duplicative and piecemeal litigation.[1]

### B. State and/or Federal Interests

The court in Summy concluded that "matters of purely state law ha[ve] no special call

on the federal forum."  234 F.3d at 136.  Additionally, the court emphasized that a state

forum "was fully able and prepared to resolve this purely state law issue."  Id.  This Court

has dismissed cases that involved matters of purely state law.  See AIG Premier Ins. Co. v.

Teeple, No. 07-CV-0911, at *5 (M.D. Pa. Mar. 7, 2008).  In Teeple, a declaratory judgment

action existed in state court, and the case presented a contract interpretation question that

was governed solely by state law.  Id.  This Court concluded that no federal or constitutional

question requiring federal adjudication was at issue.  Id.

Additionally, courts have granted motions to dismiss because the state law to be

---

[1] Other cases that Mutual Benefit cites – Allstate Insurance Co. v. Century Indemnity
Co., No. 06-CV-4373, 2007 WL 1575012 (E.D. Pa. May 31, 2007); Continental Casualty Co.
v. Peerless Industries, Inc., No. 06-CV-4621, 2007 WL 2029298 (E.D. Pa. July 11, 2007) –
are distinguishable.  In Allstate, there was no pending sate court action.  2007 WL 1575012,
at *2.  Similarly, the court in Continental Casualty was not concerned about a duplicative
expenditure of the parties' or the court's resources because there was no parallel action
pending in state court.  2007 WL 2029298, at *2.  Unlike Allstate and Continental Casualty,
the present action involves a state court proceeding that raises issues that are related to the
questions this declaratory judgment suit presents.  (Aff., Dkt. Entry 40, Ex. A, at 10.)

applied was well-settled.  See Seelye, 198 F. Supp. 2d at 629.  As explained in Seelye:

> [T]his dispute is not governed by federal law and there are no federal interests at stake.  The state law to be applied is well-settled.  The state court is perfectly capable of resolving this dispute in accordance with its own law.  Therefore, under the circumstances of this case, and in the exercise of . . . discretion, we will not exercise jurisdiction over this declaratory judgment action.

Id. at 632.

Similarly, Mutual Benefit's action is defined by state law.  The state law appears to be well-settled, and there are no federal interests at stake.  In Summy, our Court of Appeals held, "[w]hen the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare." 234 F.3d at 136.  Mutual Benefit has not shown any "unusual circumstances" that would warrant the exercise of jurisdiction.

Even if the state law at issue in the present action is not well-established,[2] the court in Summy explained that "it is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law, questions which might otherwise be candidates for certification to the state's highest court."

---

[2] Mutual Benefit asserts that the contract between Pittsburgh and Mutual Benefit should be interpreted under Pennsylvania law because the policies were issued under Pennsylvania law.  (Br. in Opp'n to Mot. to Dismiss, Dkt. Entry 26, at 3.)  Mutual Benefit does not state whether the Pennsylvania law at issue is well-established.  (See id.)

Id. at 135.  District courts should be particularly reluctant to entertain declaratory judgment

actions where the applicable state law is uncertain or undetermined.  Id.

C. Judicial Economy and Duplicative Litigation

The courts in Summy and Teeple emphasized that judicial resources would be

conserved in dismissing the cases.  Summy, 234 F.3d at 136; Teeple, 07-CV-0911, at *5.

The court in Summy determined that a federal court should decline to exercise its

discretionary jurisdiction when doing so would promote judicial economy by avoiding

duplicative and piecemeal litigation.  234 F.3d at 135.  The court also noted that "the

prospects for coordinated management and alleviation of abrasion are greater when the

litigation is handled under one jurisdictional roof."  Id. (citing Mitcheson v. Harris, 955 F.2d

235, 239 (4th Cir. 1992)).  The court stated that "district courts should give serious

consideration to the fact that they do not establish state law, but are limited to predicting it."

Id.  Finally, the court emphasized that the aforementioned principles are especially

important in insurance coverage cases.  Id.  By dismissing the present action, this Court will

promote judicial economy, conserve judicial resources, and avoid piecemeal and duplicative

litigation.

IV. CONCLUSION

In sum, for reasons of comity and judicial economy, and in light of a pending state

court action that presents factual and legal issues that are germane to the resolution of the

controversy brought in this Court, it is prudent to decline to exercise jurisdiction here.

Accordingly, Defendants' Motion to Dismiss will be granted.  An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MUTUAL BENEFIT INSURANCE COMPANY, :
                Plaintiff          :
                                 :
     v.                       :       1:CV-08-2045
                                 :       (JUDGE VANASKIE)
SHAWMUT WOODWORKING & SUPPLY, INC. :
D/B/A SHAWMUT DESIGN &             :
CONSTRUCTION, THE CHEESECAKE   :
FACTORY RESTAURANTS, INC., AND    :
PYRAMID WALDEN COMPANY, LP,      :
                Defendants    :

## ORDER

NOW, THIS 3rd DAY OF JUNE, 2009, for the reasons set forth in the foregoing

memorandum, IT IS HEREBY ORDERED THAT:

1. Defendants' Motion to Dismiss (Dkt. Entry 18) is GRANTED.

2. The Clerk of Court is directed to mark this matter CLOSED.

                                 s/ Thomas I. Vanaskie
                                 Thomas I. Vanaskie
                                 United States District Judge